UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD JABER,<br>Plaintiff,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Defendants. | No. 2:25-cv-02825-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Defendants Markwayne Mullin,[1] Joseph B. Edlow, and Terri Robinson's (collectively, "Defendants") Motion to Dismiss. (ECF No. 12.) Plaintiff Ahmad Jaber ("Plaintiff") filed an opposition. (ECF No. 13.) Defendants filed a reply. (ECF No. 15.) For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

///

///

///

[1] Pursuant to Federal Rule of Civil Procedure ("Rule") 25(d), "[t]he officer's successor is automatically substituted as a party" when a public officer "ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). Accordingly, Markwayne Mullin is automatically substituted as a party for Kristi Noem, the former Secretary of Homeland Security. The Clerk of the Court is directed to update the docket as necessary.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from Defendants' alleged unlawful delay in adjudicating Plaintiff's I-485 Application for Adjustment of Status. (*See* ECF No. 1.) Plaintiff entered the United States in 2018 as a temporary visitor for business but overstayed his visa. (*Id.* at 2.) On April 12, 2019, Plaintiff filed his application for asylum and withholding of removal, which U.S. Citizenship and Immigration Services ("UCSIS") approved on September 21, 2023. (*Id.*) On September 23, 2024, Plaintiff filed an I-485 Application for Adjustment of Status. (*Id.*) Plaintiff alleges he has paid the required fees and USCIS has completed fingerprinting and photographing, but Defendants have taken no action on his application. (*Id.*)

On September 20, 2025, Plaintiff filed the operative Complaint, alleging claims for (1) a violation of the Administrative Procedure Act ("APA") due to agency action unlawfully withheld and unreasonably delayed and (2) a violation of his Fifth Amendment Due Process right to fundamental fairness in administrative adjudication. (*Id.* at 5–6.) Plaintiff seeks an order from this Court compelling Defendants to adjudicate his pending I-485 application. (*Id.* at 7.) On January 12, 2026, Defendants filed the instant motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1), arguing the Court lacks jurisdiction to compel adjudication of I-485 adjustment applications.[2] (*See* ECF No. 12.)

## II. STANDARDS OF LAW

### A. Rule 12(b)(1)

A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (holding the court may determine jurisdiction on a Rule 12(b)(1) motion unless "the jurisdictional issue is inextricable

[2] Defendants make a jurisdictional argument — namely, that the Immigration and Nationality Act ("INA") strips the Court of jurisdiction over discretionary agency decisions. (ECF No. 12 at 4–6.) This is properly considered under Rule 12(b)(1). Defendants' remaining arguments are challenges to the sufficiency of Plaintiff's APA claim. (*See id.*) These challenges are properly considered under Rule 12(b)(6).

from the merits of a case" (citation modified)).

A Rule 12(b)(1) motion attacking subject matter jurisdiction may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When the motion is a facial attack, the court only considers the allegations in the complaint and any documents attached to the complaint or referred to in the complaint. *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3rd Cir. 2000). The court accepts all the material factual allegations in plaintiff's complaint as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "[J]urisdiction must be shown affirmatively, and that showing cannot be made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2nd Cir. 1998) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)).

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction "in fact," no presumption of truthfulness attaches to the plaintiff's allegations. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Rather, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson*, 586 F.3d at 685 (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

B. Rule 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

*Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. ANALYSIS

Defendants argue (1) Defendants have no mandatory, non-discretionary duty to decide an adjustment application within a given time period, (2) the Immigration and Nationality Act ("INA") strips the Court of jurisdiction over discretionary agency decisions including the pace of adjustment applications, and (3) there is no unreasonable delay in adjudicating Plaintiff's application. (ECF No. 12 at 3–8.) The Court will first evaluate whether the INA strips the Court of jurisdiction over Plaintiff's claims. If the INA's jurisdiction-stripping statute were to apply, the Court would not have jurisdiction to review USCIS's pace of adjudication. However, because the Court finds the INA's jurisdiction-stripping statute does not apply, it will next consider Defendants' remaining arguments together, which are challenges to the sufficiency of Plaintiff's APA claim.

### A. <u>Whether the INA Strips the Court of Jurisdiction</u>

8 U.S.C. § 1252(a)(2)(B) ("§ 1252(a)(2)(B)") provides:

> [N]o court shall have jurisdiction to review--
>
> (i) any judgement regarding the granting of relief under section . . . 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]

Defendants argue subdivision (ii) strips federal courts of jurisdiction to review discretionary decisions, including the denial of adjustment of status under 8 U.S.C. § 1159. (ECF No. 12 at 5.) Defendants assert that "the decision to delay adjudication of an adjustment of status application — or the pace at which adjudication occurs — is discretionary" and therefore this subdivision bars jurisdiction. (*Id.* at 6.) In opposition, Plaintiff maintains that even if the Court

accepts Defendants' interpretation of § 1252(a)(2)(B)(ii), the motion must still be denied because the INA preserves jurisdiction over constitutional claims. (ECF No. 13 at 4–5 (citing 8 U.S.C. § 1252(a)(2)(D)).)

The Ninth Circuit has not squarely answered this jurisdictional question. And "[d]istrict courts in the Ninth Circuit disagree about whether the government has a nondiscretionary duty to adjudicate applications for adjustment of status within a reasonable period of time, and whether § 1252(a)(2)(B)(ii) precludes review of claims of unreasonable delay in the adjudication of such applications." *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1113 (C.D. Cal. 2025) (citing cases). However, courts in the Eastern District and Northern District of California have held "the government's decision to grant or deny an adjustment application is discretionary, but the duty to process and decide adjustment applications is not."[3] *Shirmohamadali v. Heinauer*, 535 F. Supp. 2d 1059, 1060 (E.D. Cal. 2008) (issuing writ of mandamus directing the government to adjudicate plaintiffs' I-485 applications for adjustment where the delay of more than four years was caused by the FBI's failure to complete a name check on one of the noncitizens); *see also Saini v. U.S. Citizenship and Immigr. Servs.*, 553 F. Supp. 2d 1170, 1174–75 (E.D. Cal. 2008) (finding "USCIS has a ministerial duty to take some action" on plaintiff's Form I-485, filed pursuant to 8 U.S.C. § 1159(b) as an asylee); *Dong*, 513 F. Supp. 2d at 1163 n.7 (citing cases); *Kale v. USCIS*, No. 25-cv-10849-VC, 2026 WL 2324900, at *3 (N.D. Cal. Aug. 11, 2026) ("USCIS has discretion to grant or deny adjustment of status and to make regulations governing how it

---

[3] The Court notes the Eastern District is split on this issue. *See, e.g.*, *Hu v. Chertoff*, No. 2:06-cv-2805-WBS-EFB, 2007 WL 1515067 (E.D. Cal. May 22, 2007); *Chen v. Chertoff*, No. 2:07-cv-0093-GEB-EFB, 2007 WL 2581895 (E.D. Cal. Sept. 7, 2007) (adopting findings and recommendations relying on the *Hu* decision); *but see Xin Liu v. Chertoff*, No. S-06-2808 RRB EFB, 2007 WL 2433337, at *4 (E.D. Cal. Aug. 22, 2007) (reasoning that judicial review of unreasonably delayed petitions is permissible "because without mandamus relief, USCIS could withhold a decision indefinitely in contravention of its non-discretionary duty to process such petitions"). However, even *Hu* recognized that certain agency inaction could be considered non-discretionary in nature. 2007 WL 1515067, at *4 ("Should USCIS refuse to take any steps whatsoever to resolve a LPR application or employ procedures such that no decision will issue, it might legitimately be said that the agency's inaction was not the result of an exercise of discretion at all. The agency would then not be operating within its statutory discretion but rather abdicating its statutory duty to adjudicate applications, and under those circumstances this court could have jurisdiction to review the agency's actions.").

processes such applications — not whether to process those applications at all"); *Agrawal v. Edlow*, No. 26-cv-01400-EKL, 2026 WL 2363473 at *5 (N.D. Cal. Aug. 14, 2026) (finding similarly).

The jurisdictional question before the Court is whether § 1252(a)(2)(B)(ii) bars Plaintiff's APA challenge to USCIS's failure to adjudicate his adjustment of status application within a reasonable time. Judge Morrison England answered this question in *Saini* and stated that "[t]he plain language of [§ 1252] addresses 'decision or action' on immigrant matters, not inaction, which is the subject of [this] Complaint." 553 F. Supp. 2d at 1174 (quoting *Fu v. Gonzalez*, No. C 07-0207 EDL, 2007 WL 1742376, at *4 (N.D. Cal. May 22, 2007)). Judge England reasoned that "[p]ermitting inaction to fall outside the parameters of judicial review is nonsensical, since to hold otherwise would 'render toothless all timing restraints . . . [and] would amount to a grant of permission for inaction." *Id.* (quoting *Fu*, 2007 WL 1742376 at *4). Finally, Judge England emphasized that under the rules of statutory construction,"[t]o the extent that § 1252(a)(2)(B) creates an exception to judicial review, such exception must be narrowly construed." *Id.* The Court agrees with Judge England's conclusion that "[b]y not addressing inaction, as opposed to an affirmative decision or action, the statute does not specifically divest the courts from jurisdiction to consider the propriety of a failure to act altogether[.]" *Id.* (citing *Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1163 (N.D. Cal. 2007)). The Court adopts Judge England's reasoning herein and concludes the plain text of the statute does not divest the Court of jurisdiction.

The Court is not persuaded by Defendants' argument that *Patel v. Garland*, 596 U.S. 3238 (2022), *Zia v. Garland*, 112 F.4th 1194, 1200 (9th Cir. 2024), and *Garcia v. U.S. Citizenship & Immigr. Servs.*, 146 F.4th 743, 754 (9th Cir. 2025) compel an expansive interpretation of § 1252(a)(2)(B)(ii). (ECF No. 12 at 5.) The government has presented this same argument to other courts in the Ninth Circuit, which have concluded these cases are inapposite. *Kale*, 2026 WL 2324900 at *5; *Agrawal v. Edlow*, 2026 WL 2363473 at *4; *Pimpalkhute v. Edlow*, No. 25-cv-2433-BJR, 2026 WL 1283512, at *4 (W.D. Wash. May 11, 2026). As one court succinctly summarized:

> *Patel* involved review of factual findings underlying a denied adjustment application; *Zia* involved review of a discretionary waiver determination and related eligibility findings; and *Garcia* involved review of a USCIS adjustment-related determination after the agency had acted. None held that [§] 1252(a)(2)(B)(ii) bars a district court from considering an APA claim seeking to compel USCIS to adjudicate a still-pending I-485 application within a reasonable time. Although those decisions counsel against an unduly narrow reading of [§] 1252(a)(2)(B), they do not eliminate the distinction between review of a discretionary adjudicative decision and review of an alleged failure to make any decision at all.

*Pimpalkhute*, 2026 WL 1283512, at *4. The Court adopts this reasoning and agrees that it retains the jurisdiction to review "an alleged failure to make any decision at all." *Id.*

The Court is similarly not persuaded by Defendants' assertion that every circuit court presented with this question has held that federal courts do not have jurisdiction to review USCIS's pace of adjudication of adjustment of status applications. (ECF No. 12 at 6 (citing *Geda v. Director of USCIS*, 126 F.4th 835, 843 (3d Cir. 2025); *Kanapuram v. Director of USCIS*, 131 F.4th 1302, 1307 (11th Cir. 2025); *Cheejati v. Blinken*, 106 F.4th 388, 394–95 (5th Cir. 2024); *Thigulla v. Jaddou*, 94 F.4th 770, 775–77 (8th Cir. 2024); *Kale v. Alfonso-Royals*, 139 F.4th 329, 334–35 (4th Cir. 2025)).) As an initial matter, this out-of-circuit authority does not bind this Court. Nevertheless, the Court agrees with the Northern District of California that "[i]n all those cases, the delays at issue were attributable to an agency policy that USCIS adopted to facilitate compliance with statutory limits placed on available visas." *Kale*, 2026 WL 2324900, at *5. By contrast, Plaintiff does not allege any delays were caused by agency policy — "let alone one aimed at enabling the lawful allocation of visas." *Id.*

Accordingly, the Court concludes § 1252(a)(2)(B)(ii) does not strip its jurisdiction over Plaintiff's APA claim. The Court now turns to Defendants' remaining arguments — that Plaintiff has not identified a discrete, non-discretionary duty to review the application in any specific period of time and has not established an unreasonable delay. (*See* ECF No. 12.) Although Defendant characterizes these arguments as jurisdictional in its briefing, the Court construes them as challenges to the sufficiency of Plaintiff's APA claim and evaluates them under Rule 12(b)(6).

///

B. Whether Plaintiff Has Plausibly Alleged an APA Claim

Defendants argue an APA claim alleging an agency has unlawfully withheld action requires a plaintiff to assert the agency failed to take a required agency action, and the APA — the one source of such a non-discretionary duty to which Plaintiff points — is insufficient to confer jurisdiction. (ECF No. 12 at 3–4.) Defendants contend the language of 5 U.S.C. § 706(1)[4] does not describe a "discrete" or "unequivocal command" required of an agency and the statute's phrasing is vague and open-ended. (*Id*. at 4.) Defendants also maintain Plaintiff has not established unreasonable delay necessary to support an APA claim. (*Id.* at 7.) In opposition, Plaintiff asserts the APA requires that agencies "shall" conclude matters presented to them "within a reasonable time," which is mandatory language, not discretionary language. (ECF No. 13 at 4 (citing 5 U.S.C. § 555(b)).) Plaintiff further asserts Defendants' inaction on his file for more than 15 months constitutes abdication. (*Id.*) Plaintiff maintains that when a delay is "sufficiently egregious," it is no longer a pacing decision but rather a withholding of agency action, which violates § 706(1) of the APA. (*Id.*) In reply, Defendants argue Plaintiff is asking the Court to infer the agency will never adjudicate his claim because adjudication has not yet occurred, but there is a long queue of similarly-situated applicants and only finite agency resources. (ECF No. 15 at 2.)

The APA provides that an agency "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, . . . shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Where an agency fails to adjudicate a matter before it within a reasonable time, a "reviewing court shall [] compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). "To state a claim under § 706(1), a plaintiff must plausibly allege that the agency failed to take 'a *discrete* agency action that it is *required to take*,' . . . and that the delay in taking that action is unreasonable." *Pimpalkhute*, 2026 WL 1283512, at *4 (emphasis in original) (citations omitted). The Ninth Circuit uses the factors articulated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79–80 (D.C.

[4] Section 706(1) states "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed."

Cir. 1984), known as the "TRAC factors," to determine whether an agency's delay is unreasonable under the APA. *Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022). The TRAC factors are as follows:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* (citation modified). The Court will consider each of these factors in turn, taking Plaintiff's well-pleaded allegations as true.

The first factor — the rule of reason — weighs solidly against Plaintiff. "The first factor considers 'whether the time for agency action has been reasonable.'" *Id.* at 1138 (quoting *Nat'l Res. Def. Council v. EPA*, 956 F.3d 1134, 1139 (9th Cir. 2020)). Plaintiff filed his I-485 application on September 23, 2024. (ECF No. 1 at 2.) Plaintiff filed the instant suit almost one year later, on September 20, 2025. (*See id.*) As of the date of this Order, his application has been pending for about two years. "Courts evaluating similar claims have routinely found substantially longer delays insufficient to state an unreasonable-delay claim, particularly where no binding statutory deadline governs adjudication and the relief requested would effectively move the plaintiff ahead of other applicants." *Pimpalkhute*, 2026 WL 1283512, at *5 (citing cases). Plaintiff asserts an agency cannot define reasonableness by merely publishing a slow timeline but otherwise provides no citation to any authority that a 15-month delay is unreasonable. (ECF No. 13 at 5–6.)

The second factor — congressional intent — weighs slightly in Plaintiff's favor. Plaintiff contends Congress has expressed in 8 U.S.C. § 1571(b) that immigration benefit applications should be adjudicated within 180 days, which provides a measure for reasonableness. (ECF No. 13 at 6.) However, as Plaintiff himself concedes (*id.*), "courts have consistently treated § 1571(b)'s 180-day benchmark as nonmandatory." *Pimpalkhute*, 2026 WL 1283512, at *6.

The third and fifth factors — human health and welfare and nature and extent of interests prejudiced by delay — also weigh slightly in Plaintiff's favor. Plaintiff alleges "Defendants' willful failure to adjudicate [his] application causes irreparable harm to Plaintiff by keeping him from accruing time toward the ultimate protection of seeking naturalization in this country under 8 U.S.C. § 1427." (ECF No. 1 at 3.) The Court acknowledges this delay causes Plaintiff some prejudice. Plaintiff also alleges this delay has harmed him "in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S." (*Id.* at 6.) The Court understands that immigration delays undoubtedly affect significant personal and family interests. However, Plaintiff does not allege facts showing this delay is affecting his health and welfare. Plaintiff also does not allege "the delay has placed [him] in immediate legal jeopardy, caused a loss of lawful status, threatened health or safety, or otherwise produced circumstances so severe that a delay of [two years] plausibly becomes unreasonable." *Pimpalkhute*, 2026 WL 1283512, at *6. As Defendants note, Plaintiff has work authorization, can live and travel freely in the United States, and can travel outside of the United States with an approved advance parole. (ECF No. 15 at 3.)

The fourth factor — agency priorities — weighs against Plaintiff. Plaintiff asserts "courts have held this factor is not dispositive, especially where the agency offers no evidence of how its queue is actually managed." (ECF No. 13 at 6.) However, Plaintiff cites to no authority for this proposition. Plaintiff also does not allege "USCIS singled [him] out for slower treatment, placed [his] application[] on an indefinite hold, or departed from an applicable processing rule." *Pimpalkhute*, 2026 WL 1283512, at *6. "Courts are reluctant to grant relief that would simply reorder an agency queue, particularly where the plaintiff seeks individual rather than systemic relief and has not plausibly alleged that the agency singled the plaintiff out for slower treatment

or departed from its stated processing rule." *Id.* (citing *Da Costa v. Immigrant Inv. Program Off.*, 80 F.4th 330, 343–44 (D.C. Cir. 2023)).

The sixth factor — impropriety — is neutral. As the sixth TRAC factor provides, "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Vaz*, 33 F.4th at 1137.

In sum, Plaintiff plausibly alleges Defendants have a non-discretionary duty under 5 U.S.C. § 555(b) to adjudicate his properly filed I-485 application within a reasonable time. (ECF No. 1 at 5.) However, Plaintiff does not plausibly allege the delay so far is unreasonable under the TRAC factors. The Court accordingly GRANTS Defendants' motion to dismiss Plaintiff's APA claim without prejudice. Plaintiff may re-assert his APA claim if the delay becomes substantially longer or if Plaintiff acquires additional facts evidencing USCIS's refusal to act on his application, "placing [his] application on an indefinite hold, or otherwise departed from a rule of reason." *Pimpalkhute*, 2026 WL 1283512, at *6.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss. (ECF No. 12.) Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file a responsive pleading not later than twenty-one (21) days from the electronic filing date of the amended complaint. If Plaintiff opts not to file an amended complaint, the case shall proceed on Plaintiff's remaining claim in the action.

IT IS SO ORDERED.

DATE: September 21, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE